IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| DWIGHT DAVID MASSEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 122-133 |
| | ) | |
| AUGUSTA STATE MEDICAL PRISON; | ) | |
| EDWARD PHILBIN; MARY ALSTON; | ) | |
| JAMES D. SMITH; and | ) | |
| TAMIKA HARVEY, | ) | |
| | ) | |
| Defendants. | ) | |

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Plaintiff, an inmate at Augusta State Medical Prison ("ASMP") in Grovetown, Georgia, originally filed his complaint in Fulton County Superior Court.  In an order dated March 17, 2002, and filed March 23, 2022, Superior Court Judge Craig L. Schwall, Sr., granted Plaintiff permission to proceed *in forma pauperis* ("IFP"), denied Plaintiff permission to proceed with any state tort claims, and allowed Plaintiff to proceed with his claims filed pursuant to 42 U.S.C. § 1983.  (Doc. no. 1-1, pp. 42-43.)  Defendant Edward Philbin, ASMP Warden, filed his answer and a notice of removal to the United States District Court for the Northern District of Georgia on June 22, 2022.  (Doc. nos. 1, 2.)

On July 21, 2022, Defendant Philbin filed a discovery motion, as well as a motion to stay discovery, and a motion for judgment on the pleadings.  (Doc. nos. 3-5.)  Plaintiff responded with several motions which the Clerk of Court in the Northern District

"construed" as motions to amend or add claims, as well as for various hearings or injunctions. (Doc. nos. 8-10.) Defendant Philbin opposed Plaintiff's motions and then moved to transfer the case to the Southern District of Georgia. (Doc. nos. 11, 12.) Although an assistant attorney general has appeared on behalf of Defendant Philbin, as well as Defendants Alston, Smith, and Harvey, (see doc. no. 13), Defendant Philbin is the only Defendant to have filed a responsive pleading.[1] Moreover, upon examination of the various docket filings, it is not entirely clear that the list of Defendants on the docket when the case transferred is accurate.[2] On October 13, 2022, United States Magistrate Judge Catherine M. Salinas transferred the case with five listed Defendants, along with all pending motions, to the Southern District of Georgia. (Doc. no. 16.)

Given the unusual procedural history of the case, the ambiguity as to the named Defendants, and that Plaintiff has never put his remaining federal claims on the standard complaint form used by incarcerated litigants in the Southern District of Georgia, the Court

---

[1] Because there are Defendants who have not answered, and as defense counsel points out, not all Defendants have been served, (doc. no. 13, n.1), the Court is not persuaded by the argument Plaintiff should not be allowed to amend his complaint because of the futility while there is a motion for judgment on the pleadings as to only one of multiple Defendants. See Williams v. Bd. of Regents of Univ. Sys. of Ga., 477 F.3d 1282, 1291 (11th Cir. 2007) ("If the case has more than one defendant, and not all have filed responsive pleadings, the plaintiff may amend the complaint as a matter of course with regard to those defendants that have yet to answer." (citation omitted)).

[2] For example, there is a discrepancy as to whether ASMP was named as a stand-alone Defendant or listed as a locational description for various Defendants. (Doc. no. 1-1, pp. 3, 10, 32, 35.) Moreover, although there are only four Defendants listed on the original state court complaint form, (doc. no. 1-1, pp. 35-36), there are other pages in state court filings suggesting Plaintiff may have intended to name other Defendants. (See id. at 11 (naming sixteen Defendants on a "Certificate of Service")).

**REPORTS** and **RECOMMENDS** all motions pending at the time of transfer be **DENIED WITHOUT PREJUDICE**,[3] (doc. nos. 3, 4, 5, 8, 9-1, 9-2, 10), and Plaintiff be directed to file an amended complaint on a court-provided, standard form.  Having Plaintiff's claims on one standard form will also help facilitate any necessary service of process.[4]

In an effort to clarify Plaintiff's specific claims against specifically named Defendants, and to ensure Plaintiff provides the information that the Southern District requires on its standard complaint form used by incarcerated litigants, the Court further **RECOMMENDS** the following procedure be followed to allow Plaintiff to amend his pleadings from the Northern District, should Chief United States District Judge J. Randal Hall adopt the instant Report and Recommendation.  If Judge Hall adopts the recommendation for proceeding with the case as described above, and if Plaintiff wishes to proceed with this case, he must within fourteen days of the date of Judge Hall's Order, file a complete amended complaint on the standard complaint form used by incarcerated litigants in the Southern District of Georgia, and include all matters he wishes the Court to consider in that one document.

The Clerk of Court will attach a standard form complaint used by incarcerated litigants in the Southern District of Georgia, stamped with this case number, to Plaintiff's

---

[3]Nothing in this recommendation to deny the motions without prejudice would prevent Plaintiff or Defendant(s) from re-urging any of the motions at the appropriate time.

[4]Although defense counsel points out Defendants Alston, Smith, and Harvey have not been served, (doc. no. 13, n.1), as Plaintiff is proceeding IFP, he is entitled to rely on court officials to effect service.  See 28 U.S.C. § 1915(d).  The docket does not reflect service was ordered on any Defendant prior to transfer.

service copy of Judge Hall's Order.   The Statement of Claim must not exceed six handwritten pages attached to the standard form.  See Goodison v. Washington Mut. Bank, 232 F. App'x 922, 923 (11th Cir. 2007) (*per curiam*) (affirming the dismissal of a case where the plaintiff failed to heed the pleading instructions from the court regarding re-drafting the complaint); see also London v. Georgia Dep't of Corr., CV 502-107, doc. no. 10 (M.D. Ga. May 10, 2002) (directing that amended complaint shall not exceed six handwritten pages). Plaintiff may not include any state law claims already dismissed by Judge Schwall for failure to comply with state procedural requirements.

The amended complaint must be printed legibly so that the Court may discern Plaintiff's claims, and it will supersede and replace in their entirety the previous pleadings filed by Plaintiff.  Hoefling v. City of Miami, 811 F.3d 1271, 1277 (11th Cir. 2016); Lowery v. Alabama Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007) ("an amended complaint supersedes the initial complaint and becomes the operative pleading in the case").  It must contain a caption that clearly identifies, by name, each individual that Plaintiff is suing in the present lawsuit. Furthermore, the body of Plaintiff's amended complaint must contain sequentially numbered paragraphs containing only one act of misconduct per paragraph.  The numbered paragraphs in his amended complaint should include information such as:  (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; and (iv) where appropriate, the location where the alleged misconduct occurred.

While Plaintiff may attach exhibits to his amended complaint, he shall not incorporate them by reference as a means of providing the factual basis for his complaint.  For example,

4

Plaintiff should not simply state, "See attached documents." Thus, Plaintiff must name the individuals whom he seeks to include as Defendants in both the caption and the body of his amended complaint; he may not rely on the fact that individuals are named in the exhibits attached to his amended complaint as a means of including such persons as defendants to this lawsuit. The Court will not independently examine exhibits that Plaintiff does not specifically reference (by the exhibit's page number) in his amended complaint.

Plaintiff is further cautioned that no portion of any prior pleading shall be incorporated into his amended complaint by reference. Moreover, Plaintiff shall submit only one amended complaint in accordance with the terms of these instructions. Therefore, should Judge Hall adopt the recommendation for proceeding with the case as described above, within fourteen days of Judge Hall's Order, Plaintiff shall state in the single amended complaint filed in accordance with the terms of these instructions all claims that he wishes the Court to consider as a basis for awarding the relief sought.

Once Plaintiff submits his amended complaint on the form used in the Southern District, the Court will review the amended complaint to determine which, if any, claims are viable and which, if any, Defendants should be served with a copy of the amended complaint. If Plaintiff fails to respond timely with the above-described amended complaint, the Court will presume that Plaintiff desires to have this case voluntarily dismissed and will dismiss this action, without prejudice.[5]

---

[5]As noted above, the Clerk of Court will provide the complaint form, as necessary. The time for compliance would not begin to run unless and until Judge Hall adopts the recommendation herein.

In sum, the Court **REPORTS** and **RECOMMENDS** all motions pending at the time of transfer be **DENIED WITHOUT PREJUDICE**.  (Doc. nos. 3, 4, 5, 8, 9-1, 9-2, 10.) Should Judge Hall adopt this recommendation, Plaintiff should have fourteen days from the date of Judge Hall's Order to submit an amended complaint as described herein.

SO REPORTED and RECOMMENDED this 18th day of October, 2022, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA